# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDY Q. MOORE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br>et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-01165-LJO-SMS<br><br>ORDER DISMISSING COMPLAINT FOR<br>FAILURE TO STATE A CLAIM WITH LEAVE<br>TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

Plaintiff Candy Q. Moore, proceeding pro se, filed a six-count complaint for damages on June 28, 2010, alleging eight claims arising from discrimination and other wrongful actions relating to her employment as a registry nurse at Valley State Prison for Women, Chowchilla, California. This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

**I.      Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299

U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the actions states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

**II.     Factual and Procedural Background**

Beginning in April 2007, Plaintiff worked as a registry contract nurse at Valley State Prison for Women. Although Plaintiff performed her job responsibilities in "an exemplary manner," Defendant Charles Funch regularly mistreated her, demonstrating racism and gender discrimination. When Plaintiff complained to her supervisor and to the Supplemental Health Care ("SHC") scheduling manager, she was directed to keep quiet since she was a temporary contract worker and Funch was a state employee.

On August 30, 2007, Funch activated his state-issued personal alarm against Plaintiff to prevent her from conducting inmate/patient care. CDCR never notified SHC, as required by their contract. When Plaintiff advised SHC of the incident, it advised her that others had complained about Funch. Defendant Walter Miller had previous notice of Funch's disciplinary problems. Nonetheless, Defendant Curtis Mangrum never interviewed Plaintiff about her allegations nor advised her of her legal or civil rights. SHC did not contact CDCR, although its contract required it to do so.

On September 5, 2007, Funch informed an unidentified supervisor that Plaintiff "was lazy and constantly complaining about the work load."

///

On September 5, 2007, Defendant Martin received a memo from an unidentified supervisor regarding the alarm incident, which reported Funch's bad behavior, negative attitude, constant yelling, and lying during the investigation.

On October 15, 2007, Funch advised Mangrum that he refused to work with Plaintiff. Beginning on October 16, 2007, Funch repeatedly telephoned his union representative, seeking to have Plaintiff fired. On October 17 and 21, 2007, Funch "bad mouth[ed]" Plaintiff to co-workers, telling them that Plaintiff was lazy, a liar, and had cost him overtime. Funch told Mangrum that "he would not stop until [P]laintiff was fired." On October 22, 2007, Defendant Judy Tucker prohibited Plaintiff from working in the B-yard medical clinic but did not notify SHC as required by contract.

On November 11, 2007, Defendant Marihelen Afonso assigned Plaintiff to a different schedule without warning. Afonso changed no other nurse's schedule nor notified SHC. On November 27, 2007, Defendant Tucker called Plaintiff's residence regarding her October 22, 2007 memo.

Funch filed a grievance against Plaintiff on November 29, 2007, seeking to have her fired. Mangrum, Tucker, and Defendant Dr. Daun Martin granted the grievance but did not notify SHC.

Meanwhile, Funch, who was a probationary employee, was repeatedly disciplined for inappropriate behavior and garnered over 100 (or 900) inmate complaints. Funch was fired in 2008 without passing his probationary period.

On January 4, 2008, Afonso and Tucker accused Plaintiff of threatening them. CDCR notified SHC but never interviewed Plaintiff as required by CDCR policies and procedures. SHC

///

did not interview Plaintiff either.  CDCR convened a threat committee meeting on January 8, 2008 without notifying Plaintiff or SHC.

On February 14, 2008, Plaintiff filed a discrimination complaint against Defendants with the California Department of Fair Employment and Housing ("CDFEH"), which issued a right-to-sue letter and forwarded Plaintiff's complaint to the Equal Employment Opportunity Commission ("EEOC").  EEOC issued a right-to-sue letter on February 25, 2008, and forwarded the complaint to the Department of Justice on March 30, 2010.  The Department of Justice issued a right-to-sue letter on April 14, 2010.

SHC terminated Plaintiff's employment as a result of her filing an EEOC complaint against Defendants.

### III.  Pleading Standards

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

"A short and plain statement of the claim showing that the pleader is entitled to relief" contemplates a simple and straightforward, but complete, account of the relevant occurrences, actors, and resulting damages. Irrelevant information should be omitted, and the Plaintiff should not use the complaint as a forum for personal attacks on any of the actors.

### IV.   Preliminary Observations

#### A.   Defendants Without Allegations

Although the caption names Hornbeck, Colemaro, and Does 1-5 as Defendants, the complaint includes no allegations against them. Accordingly, the Court must dismiss these Defendants because of Plaintiff's failure to state a claim against them. If Plaintiff has inadvertently omitted her allegations against one or more of these Defendants, she must include them in her amended complaint, should she elect to file one.

#### B.   "John Doe" Defendants

Plaintiff names as Defendants Does 1-5, individuals whose names are apparently unknown to Plaintiff. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). *See also Fifty Associates v.*

*Prudential Ins. Co. of Amer.*, 446 F.2d 1187, 1191 (9th Cir. 1970).  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons.  *Id.*  "While Doe pleading is disfavored, it is not prohibited in federal practice."  *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and orders of the Court, including diligently acting to identify any "John Doe" defendants named in her suit.  *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008) (No. 2:06-cv-0835-RLH-GWF).  When a plaintiff is not able to name one or more defendants when she files his complaint, she must provide sufficient information to enable the court and his opponents to know whom she is trying to identify.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'")  Here, Does 1-5 are not otherwise identified or linked to any specific act or omission.  If Plaintiff intends to

///

include the Doe Defendants in her amended complaint, Plaintiff must tell us what each Doe did and why Plaintiff is suing him, even if Plaintiff is not yet able to identify that Doe by name.

### C. Omitted Claim

Although the caption indicates a claim for slander, no such claim is included in the complaint's body. If Plaintiff inadvertently admitted this claim in her complaint, she must include relevant allegations regarding it within the body of the amended complaint.

## V. Plaintiff's Claims

### A. First Cause of Action: Discrimination

To establish a cause of action for discrimination, Plaintiff must allege the elements of a prima facie claim: (1) Plaintiff was a member of a protected class; (2) she was performing competently in the position she held; (3) she suffered an adverse employment action such as termination, demotion, or denial of a promotion, and (4) the circumstances suggest a discriminatory motive. *Chuang v. University of California Davis, Board of Trustees*, 225 F.3d 1115, 1123-24 (9th Cir. 2000); *Washington v. Garrett*, 10 F.3d 1421, 1434 (9th Cir. 1993); *Sneddon v. ABF Freight Systems*, 489 F.Supp.2d 1124, 1129 (S.D.Cal. 2007); *Brandon v. Rite Aid Corp, Inc.*, 408 F.Supp.2d 964, 973 (E.D.Cal. 2006); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 355 (2000). Claims under Title VII and the Fair Employment and Housing Act (California Government Code §§ 12900 et seq.) ("FEHA") are subject to the same analysis. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). The same elements of proof are required for claims brought under Title VII or 42 U.S.C. § 1981. *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir. 2004); *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985), *amended* 784 F.2d 1407 (9th

///

Cir. 1986). Plaintiff does not specify whether she intends to bring her claims under any specific state or federal statute(s).

A plaintiff bears the initial burden of demonstrating actions by the employer which a fact finder could conclude were more likely than not based on an impermissible discriminatory criterion. *Clark v. Claremont University Center*, 6 Cal.App.4th 639, 663 (1992). Here, Plaintiff alleges that she was performing competently but was discharged from her job. Although the complaint suggests that Plaintiff's discharge resulted from race or gender discrimination, Plaintiff alleges neither her race nor her gender. To state a cognizable discrimination claim, Plaintiff must allege that she is a member of one or more protected class(es).

A cognizable claim of discrimination also requires allegations of circumstances that suggest a discriminatory motive. Plaintiff's account of Funch's actions include no facts tending to show that Funch's actions related to Plaintiff's race or gender other than an allegation that Plaintiff's co-workers thought Funch was a racist. The specific factual allegations about Funch's actions toward Plaintiff indicate that Funch was dissatisfied with Plaintiff's work performance and thought that Plaintiff was lazy and a liar.

As presently constituted, the complaint does not allege a cognizable claim of discrimination.

**B.    Second Cause of Action: Retaliation**

To establish a prima facie case of retaliation, a plaintiff must allege that (1) he or she engaged in protected activity; (2) he or she suffered an adverse employment action; and (3) there was a causal link between the activity and the employment decision. *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004); *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1065-66 (9th

Cir. 2003); *Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590, 615 (1989); *Morgan v. Regents of University of California*, 88 Cal.App.4th 52, 69 (2000).  In California, the FEHA makes it unlawful for any employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."  Cal. Gov't Code § 12940(h).  To allege a violation of the FEHA by retaliation, a plaintiff must allege that she engaged in a protected activity, that her employer subjected her to an adverse employment action, and that a causal link existed between the protected activity and the adverse action.  *Yankowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042 (2005).  Under California law, proving unlawful retaliation under the FEHA is the same as proving retaliation under Title VII.  *Flait v. North Amer. Watch Corp.*, 3 Cal.App.4th 467, 475-76 (1992).

"To establish causation, the plaintiff must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the adverse employment decision and that but for such activity the decision would not have been made."  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).  "The causal link may be established by an inference derived from circumstantial evidence, 'such as the employer's knowledge that the [plaintiff] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision.'"  *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988), *cert. denied*, 488 U.S. 1006 (1989), *quoting Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).  "[W]hen adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred."  *Passantino v. Johnson & Johnson Consumer Products*, 212 F.3d 493, 507 (9th Cir. 2000).

Although the allegations in the complaint address the three elements of a retaliation claim, they are so vague as to constitute a cognizable claim. In particular, the complaint must include specific factual allegations relating to Plaintiff's complaint to her supervisors and the EEOC. Plaintiff must also specifically identify the Defendants against whom she brings this claim and link them to its elements.

### C. Third Cause of Action: Breach of Contract

Plaintiff alleges both that she had a written employment agreement with Defendants and that the contract was evidenced by SHC's contract with CDCR and by CDCR's employee handbook, personnel policies and procedures. Although Plaintiff certainly could sue on a written employment contract with her employer, the allegations of this cause of action are so vague and contradictory that the Court is unable to provide meaningful screening, much less to conclude that Plaintiff states a cognizable cause of action for breach of contract. In particular, nothing in the complaint suggests that Plaintiff was a party to the contract between SHC and CDCR, or otherwise has standing to sue on it. Allegations that Plaintiff's employment contract was evidenced by written documents such as the employee handbook and rules and procedures suggest that Plaintiff may have been an at-will employee subject to certain employment provisions. If Plaintiff elects to include a breach-of-contract claim in an amended complaint, she "must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.

### D. Fourth Cause of Action: Wrongful Termination in Violation of Public Policy

"[A]n employer's traditional right to discharge an at-will employee may be limited by statute . . . . or by considerations of public policy." *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d

-10-

167, 172 (1980). "[A]n employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action." *Cabasuela v. Browning-Ferris Industries of Cal., Inc.*, 68 Cal.App.4th 101, 107 (1998); *Barton v. New United Motor Manufacturing, Inc.*, 43 Cal.App.4th 1200, 1205 (1996). To establish a tort claim for wrongful termination in violation of public policy, a Plaintiff must establish (1) an employer-employee relationship; (2) termination or other adverse employment action; (3) the termination or adverse action was a violation of public policy; (4) the termination or adverse action was a legal cause of Plaintiff's damages; and (5) the nature and extent of the damages. *Holmes v. General Dynamics Corp.*, 17 Cal. App.4th 1418, 1426 n. 8 (1993). Violations of FEHA and policies against race, gender, age, and disability discrimination support *Tameny* claims. *City of Moorpark v. Superior Court*, 18 Cal.4th 1143, 1160-61 (1998) (addressing disability discrimination); *Stevenson v. Superior Court*, 16 Cal.4th 880, 896 (1997) (addressing age discrimination).

As presently written, the complaint fails to allege a cognizable tort claim for wrongful termination in violation of public policy. First, Plaintiff must amend the underlying discrimination claim, which is not now cognizable. In addition, Plaintiff must allege (1) an employee-employer relationship between herself and one of the Defendants, and provide the factual basis for the claim against that Defendant; and (2) identify the public policy violated by her termination and allege sufficient facts to tie violation of the public policy to her termination.

### E.     **Fifth Cause of Action: Hostile Working Environment**

To establish a cause of action for hostile work environment, Plaintiff must establish that she was harassed on the basis of race or gender or both, that the harassment was unwelcome, and that the harassment was "sufficiently severe or pervasive to alter the conditions of [her]

employment and create an abusive work environment." *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998); *Aguilar v. Avis Rent a Car Systems*, 21 Cal.4th 121, 130 (1999), *cert. denied*, 529 U.S. 1138 (2000) (*internal quotations omitted*).  "An employer is strictly liable for harassment committed by its agents or supervisors . . . ." *Jones v. Department of Corrections & Rehabilitation*, 152 Cal.App.4th 1367, 1377 (2007).

"[W]hen the harassing conduct is not severe in the extreme, more than a few isolated incidents must have occurred to prove a hostile work environment based on working conditions." *Lyle v. Warner Brothers Television Productions*, 38 Cal.4th 264, 284 (2006). The plaintiff must "show a concerted pattern of harassment of a of a repeated, routine, or a generalized nature." *Id.* A plaintiff cannot establish the pervasive harassment necessary to prevail on a hostile work environment claim if the harassment is only "occasional, isolated, sporadic or trivial." *Id.* "Simple teasing, offhand comments, and isolated incidents (unless extremely serious)" are not sufficient. *Mokler v. County of Orange*, 157 Cal.App.4th 121, 142 (2007).  Behavior may be rude, inappropriate or offensive without rising to the level necessary to establish a hostile work environment. *Id.* at 144-45.  "To be actionable, . . . a workplace must be permeated with discriminatory intimidation, ridicule and insult." *Hope v. California Youth Authority*, 134 Cal.App.4th 577, 589-90 (2005). It must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so." *Erdmann v. Tranquility Inc.*, 155 F.Supp.2d 1152, 1159 (N.D.Cal. 2001), *quoting Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998).

As was the case with Plaintiff's discrimination claim, the allegations comprising this claim must be supplemented to allege facts indicating that Funch's verbal misconduct related to

Plaintiff's race or gender.  The complaint must also include specific factual allegations to tie Funch's verbal misconduct to Plaintiff's modified work schedule and to Plaintiff's alleged damages.  Funch's misconduct in unrelated situations and with unrelated individuals is not relevant to claims of his harassing Plaintiff.

The Court is also uncertain why Defendants Tucker, Afonso, and Miller are included in allegations in this count.  If Plaintiff elects to amend her complaint, she must clarify whether she intends to include Tucker, Afonso, and Miller as Defendants liable for the alleged hostile work environment or for some other purpose.

     **F.**     **Sixth Cause of Action: Harassment**

Under the FEHA, it is unlawful for an employer to harass any employee based on race or gender, among other categories.  Cal. Gov't Code § 12940(j)(1).  Harassment is distinct from discrimination.  *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 64-65 (1996).  To allege a prima facie case of harassment, Plaintiff must allege that she was subject to a hostile work environment based on her gender, race, or other category included within the statute, and that the harassment was sufficiently pervasive to alter the conditions of her employment and create an abusive work environment.  *Doe v. Capital Cities*, 50 Cal.App.4th 1038, 1045 (1996).

"[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives.  *Janken*, 46 Cal.App.4th at 63.  Harassment may include racial epithets and racially derogatory comments; physical interference with normal work movement; and racially derogatory posters, cartoons or drawings.  2 Cal. Code Regs. § 7287.6(b)(1).  Harassment may be distinguished from legitimate personnel decisions such as hiring and firing, job or project

assignments, office or work station assignments, promotion or demotion, performance evaluations, provision of support, assignment or non-assignment of supervisory responsibility, deciding who will or will not attend meetings, determination of employees to be laid off, and the like. *Janken*, 46 Cal.App.4th at 64-65. An employer is strictly liable for a supervisor's harassment of an employee. *State Dep't of Health Services v. Superior Court*, 31 Cal.4th 1026, 1041 (2003). As with Plaintiff's claims for discrimination and hostile work environment, a cognizable harassment claim requires Plaintiff to allege her inclusion in a protected group and to tie Funch's actions to race, gender or another impermissible category.

## VIII. Conclusion and Order

As presently constituted, Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did in relation to each of Plaintiff's claimed causes of action. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying her legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants she names to each claim for which she claims that defendant is liable.

///

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 16, 2010**                              /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE