IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDY Q. MOORE,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br> et al.,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 10-1165 LJO SMS<br><br>**ORDER ON DEFENDANT SUPPLEMENTAL HEALTH CARE, INC.'S F.R.Civ.P. 12(b)(5) MOTION TO DISMISS**<br>(Doc. 30.) |

**INTRODUCTION**

Defendant Supplemental Health Care, Inc. ("SHC") seeks to dismiss pro se plaintiff Candy Q. Moore's ("Ms. Moore's") operative second amended complaint ("SAC") for Ms. Moore's failure to accomplish proper service of process. SHC alternatively seeks to quash Ms. Moore's attempt to accomplish service of process. Ms. Moore filed no papers to oppose dismissal or quashing her attempt to accomplish service of process. This Court considered SHC's F.R.Civ.P. 12(b)(5) motion to dismiss on the record and VACATES the April 28, 2011 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES this action against SHC.

**BACKGROUND**

On February 4, 2011, Ms. Moore filed her SAC in response to this Court's orders for adequate pleading of Ms. Moore's employment termination, discrimination and related claims. A February 9,

1  2011 order directed Ms. Moore to accomplish service of the SAC with summonses and "appropriate
2  directions" provided by this Court's clerk. On March 25, 2011, Ms. Moore filed three Proofs of Service
3  by Mail (collectively "proofs") to indicated that Adrian Pettigrew ("Pettigrew")had sent by U.S. mail
4  the summons, SAC and related case opening documents to SHC at SHC's Fresno address. Attached to
5  the proofs is a Return of Service signed by Pettigrew on March 7, 2011 and by which Pettigrew indicated
6  service by "certified mail."

7  On March 10, 2011, SHC received by U.S. mail the summons, SAC and related case opening
8  documents. In his declaration, SHC Compliance Associate Eric Bixler states: "I am not aware that
9  plaintiff Candy Moore made any other attempts to serve SHC with the Summons, Complaint, or the
10 other documents sent via U.S. Mail that were received by mail at the Fresno branch office on March 10,
11 2011. No such documents have ever been personally served on SHC."

## DISCUSSION

### Service Of Process Standards

F.R.Civ.P. 12(b)(5) empowers a court to dismiss for "insufficient service of process," that is, failure to satisfy F.R.Civ.P. 4 requirements for service of a summons and complaint. Alternatively, a court may quash an attempted service of process. *See Stevens v. Security Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.") Where service of process is insufficient, the court has the option of dismissing the action or quashing service and retaining the case. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985). "Generally service will be quashed in those cases in which there is a reasonable prospect that the plaintiff will be able to serve the defendant properly." *Wishart v. Agents for Int'l Monetary Fund IRS*, 1995 WL 4945686, at *2 (N.D. Cal. 1995). "The district court should, at most, quash service, leaving the plaintiffs free to effect proper service" when there is a reasonable prospect to achieve proper service. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992).

In *Omni Capital Int'l, Ltd. v. Rudoff Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404 (1987), the U.S. Supreme Court explained the necessity of proper service of process:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of

2

the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445, 66 S.Ct. 242, 245-246, 90 L.Ed. 185 (1946). Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum.

"Once the validity of service of process has been contested, the plaintiff 'must bear the burden of establishing its validity.'" *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985) (quoting *Aetna Business Credit v. Universal Decor*, 635 F.2d 434, 435 (5th Cir.1981)). F.R.Civ.P. 4 is "to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). "Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule." *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3rd Cir. 1993). "[D]ue process requires proper service of process in order to obtain *in personam* jurisdiction." *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976).

**Federal And California Service Requirements**

F.R.Civ.P. 4(h) requires for a corporation service "in a judicial district of the United States":

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .

F.R.Civ.P. 4(e) permits service of process by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

3

In California, pursuant to California Code of Civil Procedure section 416.10(b), service of process on a corporation may be accomplished by "delivering a copy of the summons and the complaint" to: (1) "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process"; or (2) the "person" designated by the corporation as its statutory "designated agent for service of process." Since a corporation is served through an individual person, the person to be served is different from the corporation. *Dill v. Berquist Constr.*, 24 Cal.App.4th 1426, 1436 (1994).

F.R.Civ.P. 4(l) addresses proving service and requires without a waiver of service, service "made to the court" and "by the server's affidavit" unless service is by the a U.S. marshal.

With these standards in mind, this Court turns to SHC's challenges to service of process as to it.

**Improper Service Of Process**

SHC argues that it is not subject to proper service of process in that Ms. Moore failed to deliver the summons and SAC to an SHC officer, managing agent, president, treasurer, secretary, or other authorized agent as required under federal or California law. SHC faults Ms. Moore's limited attempt to serve SHC by U.S. mail and notes no further attempts to accomplish service of process. SHC thus seeks dismissal or quashing of Ms. Moore's attempts to accomplish service of process in absence of compliance with necessary requirements.

Ms. Moore offers no challenge to SHC's dismissal. The record reflects Ms. Moore's disinterest to accomplish proper service of process, especially given her failure to oppose this motion to dismiss or to pursue basic service to comply with F.R.Civ.P. 4 or California law. Ms. Moore has not met her burden to establish validity of her attempts to serve SHC with the SAC and summons. SHC's mere notice of this action does not cure Ms. Moore's defective service of process. Ms. Moore's inaction warrants dismissal of this action in that she fails to demonstrate a willingness or ability to accomplish proper service of process.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1.    DISMISSES without prejudice this action against SHC; and
2.    DIRECTS the clerk to enter judgment in favor of defendant Supplemental Health Care, Inc. and against plaintiff Candy Q. Moore in that there is no just reason to delay to enter such judgment given Ms. Moore's failure to accomplish basic, essential service of process on SHC.  *See* F.R.Civ.P. 54(b).

IT IS SO ORDERED.

**Dated:**  **April 25, 2011**             /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE